UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WAG ACQUISITION, L.L.C.,<br><br>           Plaintiff,<br><br>v.<br><br>TECHNIUS LTD., d/b/a stripchat.com,<br><br>           Defendant. | No. 2:24-cv-00714-JRG<br><br>**JURY TRIAL DEMANDED** |

**JOINT MOTION FOR ENTRY OF DISPUTED DISCOVERY ORDER**

Pursuant to the Court's Order Setting Scheduling Conference, dated February 24, 2025 (Dkt. No. 12), and the Docket Control Order (Dkt. No. 19), Plaintiff WAG Acquisition, L.L.C. ("WAG") and Defendant Technius Ltd., d/b/a stripchat.com ("Technius") (collectively, the "Parties") have met and conferred and hereby submit the proposed Disputed Discovery Order attached as Exhibit A. The Parties have indicated their competing proposals in the attached order. While the Parties have reached agreement on most of the issues, one issue remains: Paragraph 12(d) pertaining to the format of ESI to be produced in this case.

**WAG's Position**

WAG requests Paragraph 12(d) adhere to the Eastern District of Texas's Model Order Regarding E-Discovery in Patent Cases ("Model Order"), and WAG has imported the language in its proposal from the Model Order without modification. Technius's proposal deviates from the Model Order in several cumbersome ways. First, Technius's proposal regarding metadata ("The parties . . . agree that meta data [sic], if any, associated with the PDF files will be

produced.") is unclear as to what metadata will be produced. The Model Order's enumerating "fields showing the date and time that the document was sent and received, as well as the complete distribution list" clearly sets out what metadata is expected to be included in any production. Second, Technius's language makes it unclear whether metadata it proposes producing is that of the native files it is converting to PDF format or of the converted PDF files. If the latter, the converted PDF files would lose the metadata of the native files. Finally, Technius's proposal rejects the requirement for load files. Given that Technius proposes producing metadata, a load file is an efficient way to associate that metadata with their respective documents (whether in PDF format, as Technius proposes, or TIFF format, as WAG proposes), and Technius has proposed no other alternative for such association.

**<u>Technius's Position</u>**

Defendant Technius proposes that documents be produced in the same format that the documents are required to be submitted to the U.S. District  Court in all filings – i.e. multi-page PDF files.  When files are not in PDF (e.g. xls, jpeg, dwg, etc.) the parties can alternatively produce in Native Format.  Files should be produced with meta-data when available.  It is noted that the US Courts CM/ECF system requires conversion of all files into PDF for submission. The addition of unnecessary discovery management software or services, i.e. conversion of PDF and Native Files into load files and TIFF's adds only unnecessary expense without a measurable benefit to the parties.  This is particularly true in patent cases where the main focus of discovery is on the accused  device or method.  If any email is produced in this case, the nature of email means that the production – whether in PDF, printed on paper, or any other format readable by humans – will include the names of the author, all recipients, and the date and time of sending. Metadata in connection with documents that already exists will be attached to the native file without the need for conversion into discovery management software or services.  Defendant

also expects that Plaintiff will seek production of electronic source code, which is necessarily made available in electronic format with any relevant metadata attached. Software is not properly convertable into TIFF format with load files.

Technius has thus proposed that the production of documents be made in multi-page PDF format, with accompanying footers showing a unique production number. If a receiving party believes that metadata for any document or group of documents is needed to understand the document, the receiving party can request and receive a copy of the original source file with indication of the corresponding Bates Range. Plaintiff's worry that there is no way to associate the native file with the PDF file is misplaced, as any such native files will be easily associated with the PDF Bates-stamped documents, either by file name, a simple concordance, or by the nature of the document itself. Indeed, the proposal already includes provisions for producing documents in native format (e.g., video, audio, etc.) and thus contemplates a simple way to associate a PDF document (i.e., the production slipsheet bearing the Bates numbers) with the native document.

To the extent there is any metadata associated with a PDF file, the parties would of course not remove that metadata before production. And production of the native files upon request would necessarily include the provision of metadata associated with the native files.

Finally, it should be noted that nothing prevents the Plaintiff from converting the PDF files into multi-page TIFF files after receiving them, in the same manner that would be done for Plaintiff's own documents. There is no real barrier to Plaintiff's conversion of the files for use in their own specialized document review service. By contrast, the requirement for a Defendant to have to subscribe to such a service does serve as a barrier to justice, adding un-needed expense to the defense of this case.

Accordingly, Defendant requests that its proposal for production of documents be ordered in this case.

Date:  April 9, 2025

_/s/ Ronald Abramson_____
Wasif H. Qureshi
wqureshi@jw.com
**JACKSON WALKER LLP**
1401 McKinney, Suite 1900
Houston, Texas  77010
Telephone: (713) 752-4521

David G. Liston (*pro hac vice*)
david.liston@listonabramson.com
Ronald Abramson (*pro hac vice*)
ron.abramson@listonabramson.com
Gina K. Kim
gina.kim@listonabramson.com
Liston Abramson LLP
The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, NY 10174
212-257-1630

**COUNSEL for WAG ACQUISITION, L.L.C.**

Respectfully submitted,

_/s/ Benjamin C. Deming_____
Benjamin C. Deming
Bdeming@dnlzito.com
**DNLZITO**
3232 McKinney Ave #500
Dallas, TX 75204
T: 214-799-1145

Joseph J. Zito
jzito@dnlzito.com
Erik N. Lund
elund@dnlzito.com
**DNLZITO**
1250 Connecticut Avenue, NW #700
Washington, DC 20036
T: 202-466-3500

***ATTORNEYS FOR DEFENDANT TECHNIUS LTD.***

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(h), the undersigned certifies that counsel for WAG met and conferred with counsel for Technius on April 8, 2025. The Parties are in agreement, and this joint motion is unopposed.

By: <u>*/s/ Ronald Abramson*</u>
Ronald Abramson