# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WAG ACQUISITION, L.L.C., | § § | |
| v. | § § | Case No. 2:24-cv-00714-JRG |
| TECHNIUS LTD., d/b/a stripchat.com. | § § | |

### [PROPOSED] DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f) any settlement agreements relevant to the subject matter of this action; and

(g)    any statement of any party to the litigation.

2.   **Disclosure of Expert Testimony.**[1]  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

   (a)    if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

   (b)    for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.   **Additional Disclosures.**  Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

   (a)    provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

      i.    If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.
[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

      asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

    ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

 (b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

 (c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with: 40 interrogatories per side, 40 requests for admissions per side, the depositions of the parties, depositions on written questions of custodians of

business records for third parties, 60 hours of nonparty depositions per side, and 3 expert witnesses per side. "Side" means a party or a group of parties with a common interest. Any party may later move to modify these limitations for good cause.

(a) <u>Depositions of Fact Witnesses</u>. No witness may be deposed for longer than seven (7) hours, regardless of whether the witness testifies pursuant to Rule 30(b)(1), Rule 30(b)(6), or both. For depositions using an interpreter, time will be measured using a 1.5x multiplier. For example, the seven-hour time limit will be increased to 10.5 hours for depositions with an interpreter but will only count for 7 hours against the parties' limitations on depositions.

(b) <u>Depositions of Expert Witnesses</u>. Each expert may be deposed for up to seven (7) hours in a single day by the opposing side, regardless of how many reports are submitted by that expert.

(c) <u>Third-Party Discovery</u>. The parties may serve subpoenas on third parties seeking the production of documents and/or testimony. The parties will serve each other with copies of any third-party subpoenas on the same date the subpoena or notice is served on the third party. The parties will serve each other with copies of any documents produced by third parties within five (5) days of receipt of the documents or, if the documents are received less than seven (7) days from the date of any deposition of the third party, within two (2) days of receipt. The parties agree to consult with each other before scheduling any third-party deposition and cooperate and provide sufficient notice of the selected court reporting agency to allow for the coordination of remote depositions, including the logistics of soft copy exhibits. The party requesting a deposition may request to do so remotely.

**6.** **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

**7.** **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

**8.** **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

**9.** **Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i).

>   Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d)   Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e)   Any change to a party's lead attorney designation must be accomplished by motion and order.

(f)   Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.   **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.   **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.   **Proposed Stipulations by the Parties Regarding Discovery.**

(a) Pursuant to Federal Rule of Evidence 502(d), production of materials covered by the attorney-client privilege or work-product protection is not a waiver in this or any other federal or state proceeding. Pursuant to Federal Rule of Evidence 502(d), the production of materials covered by the attorney-client privilege or work-production protection is not a waiver in this or any other federal, state, or board proceeding. In case of such production, at the producing party's request, the receiving party shall return or destroy the produced materials within five (5) business days. The party making such a request will serve a privilege log for the produced materials (regardless of the date of those materials) within fourteen (14) days of making the claw-back request.

(b) The parties agree that service of discovery requests and responses may be made by email or, if too voluminous, by FTP or other file transfer service. Discovery responses served via email, FTP, or other file transfer service at any time on a given day are effective that day (i.e., before midnight, Central Time).

(c) The parties agree that no party shall be required to log communications protected by the attorney client privilege, the work product doctrine, or other privilege or protection ("Privileged Materials") created or communicated as part of any of the lawsuits, or IPR proceedings, *ex parte* reexaminations, or appeals related thereto, listed below. The parties reserve the right to request logs of the foregoing Privileged Materials where good cause exists. The privilege logs exchanged in this case may be categorical privilege logs.

  a. *WAG Acquisition, L.L.C. ("WAG") v. Beronata Services Ltd. et al.*, No. 25-cv-162 (E.D. Tex.);

    b. *WAG v. FriendFinder Networks Inc. et al.*, No. 23-cv-5846 (N.D. Cal.);

    c. *WAG v. ICF Tech. Grp. Inc.*, No. 23-cv-131 (W.D. Wash.);

    d. *WAG v. Google LLC et al.*, No. 22-cv-5772 (N.D. Cal.);

    e. *WAG v. Amazon.com, Inc. et al.*, No. 22-cv-1424 (W.D. Wash.);

    f. *WAG v. Netflix, Inc.*, No. 22-cv-5003 (N.D. Cal.);

    g. *WAG v. Disney Streaming Services LLC et al.*, No. 21-cv-8230 (C.D. Cal.);

    h. *WAG v. Hulu LLC*, No. 21-cv-8242 (C.D. Cal.);

    i. *WAG v. FriendFinder Networks Inc. et al.*, No. 3:19-cv-5036 (N.D. Cal.);

    j. *WAG v. Multi Media, LLC et al.*, No. 19-cv-07076 (C.D. Cal.);

    k. *WAG v. Webpower, Inc. et al.*, No. 19-cv-81155 (S.D. Fla.);

    l. *WAG v. Vubeology, Inc. et al.*, No. 1:19-cv-805 (W.D. Tex.);

    m. *WAG v. Data Conversions, Inc. et al.*, No. 3:19-cv-489 (D. Nev.);

    n. *WAG v. Flying Crocodile, Inc. et al.*, No. 2:19-cv-1278 (W.D. Wash.);

    o. *WAG v. GameLink Int'l Ltd. et al.*, No. 2:15-cv-3416 (D.N.J.);

    p. *WAG v. MFCXY, Inc. et al.*, No. 2:14-cv-3196 (D.N.J.);

    q. *WAG v. Gattyán Group S.à r.l. et al.*, No. 14-cv-02832 (D.N.J.); and

    r. *WAG v. Sobonito Investments. Ltd. et al.*, No. 2:14-cv-01661 (D.N.J.).

(d) **<u>Plaintiff's Proposal</u>**:

Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

a. **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

b. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

c. **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

**Defendant's Proposal**:

The parties agree that, where possible, documents will be produced in multi-page PDF format in the same format and manner as documents are filed with the Court through the Court's CM/ECF System, and that load files for document review systems need not be produced. Emails, WORD, EXCEL, and other documents may be produced as PDF images. Native electronic files of documents originally produced in PDF format will be produced upon request, to the extent they exist. Video files, source code, and other documents that cannot reasonably be produced in PDF format will be produced or made available for inspection in native format. The producing party will assign an identifying production control "Bates" number

        to each such native file produced. The parties further agree that meta data, if any, associated with the PDF files will be produced.

    (e)    <u>Expert Disclosures</u>. The parties agree that the protections provided in FRCP 26(b)(4)(B) and (C) will apply equally to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations. Pursuant to FRCP 26(b)(4), draft expert reports, outlines, notes, and any other writings leading up to an expert's final report(s) are exempt from discovery. In addition, all communications with and all materials generated by an expert with respect to his or her work on this action are exempt from discovery unless considered by the expert in forming his or her opinions. The materials exempt from discovery listed in this subsection do not need to be logged in a privilege log. If an expert produces a report, the expert must produce his or her final report and, within two days of service of each report, a copy of all materials which the expert relied on, to the extent they have not already been produced.

**13.**    **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.