IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WAG ACQUISITION, L.L.C., | § |
| *Plaintiff*, | § § § |
| v. | § § CASE NO. 2:24-CV-00714-JRG |
| TECHNIUS LTD., d/b/a STRIPCHAT.COM, | § § § |
| *Defendant*. | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss for Failure to State a Claim (the "Motion") filed by Defendant Technius Ltd., d/b/a stripchat.com ("Defendant"). (Dkt. No. 9.) In the Motion, Defendant moves to dismiss Plaintiff WAG Acquisition, L.L.C.'s ("WAG") claims for direct infringement under Federal Rule of Civil Procedure 12(b)(6). (*Id*. at 2.) Having considered the Motion and its related briefing, and for the reasons set forth herein, the Court is of the opinion that the Motion should be **DENIED**.

### I.     BACKGROUND

On August 8, 2024, WAG filed the Original Complaint for Patent Infringement (the "Complaint"), alleging that Defendant directly infringed the claims of three (3) of WAG's expired patents. (*Id*. ¶ 8.) Specifically, the Complaint pleads that Defendant directly infringed: claims 1 and 8 of U.S. Patent No. 10, 567, 453 (the "'453 Patent"); claim 7 of U.S. Patent No. 8,364,839 (the "'839 Patent"); and claims 1, 2, and 6 of U.S. Patent No. 8,185,611 (the "'611 Patent"). (*Id*. ¶¶ 27–28, 32, 36.)

The '453, '839, and '611 Patents (the "Asserted Patents") share a common disclosure and generally relate to "streaming a live program to a plurality of users from a single, common server-

side buffer, even though at any given time the various users may be at different points in the stream." (*Id.* ¶ 12, 16.)

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court can dismiss a complaint that fails to state a claim upon which relief can be granted. To survive dismissal at this early stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pled facts as true and views all facts in the light most favorable to the plaintiff, but it is not required to accept the plaintiff's legal conclusions as true. *Id.*

The Court must limit its review "to the contents of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). However, documents attached to a defendant's motion to dismiss are considered a part of the pleadings if they are referred to in the complaint and are central to the claim. *Id*.

## III.    ANALYSIS

### (a) The '453 Patent

#### (1) <u>Whether the Complaint plausibly pleads direct infringement?</u>

Defendant argues that the Complaint has not plausibly pled that Defendant directly infringed claims 1 and 8 of the '453 Patent for two reasons. (Dkt. No. 9 at 6.) First, Defendant contends that WAG's infringement allegations are not tied to the language of the asserted claims. (*Id.*) Defendant points to WAG's allegation that WAG observed Defendant's servers to transmit

streaming data in an initial burst. (*Id*. at 6–7 (citing Dkt. No. 1 ¶ 19).) According to Defendant, such an allegation falls short of pleading direct infringement as to the '453 Patent because none of the patent's claims recite "an initial burst of data." (*Id*.) Second, Defendant insists that the Complaint has not plausibly pled direct infringement as to the '453 Patent because it lacks "supporting material." (*Id*. at 6.) Specifically, Defendant asserts that, while the Complaint pleads that Defendant operated a server in the United States during the '453 Patent's term, WAG has not identified any particular server to support those allegations. (*Id*. 5–7.)

WAG argues in response that the Complaint pleads facts sufficient to plausibly support its direct infringement allegations as to the '453 Patent. (Dkt. No. 10 at 5.) As support, WAG notes that the Complaint pleads that WAG observed Defendant's websites transmit streaming data in an "initial burst" and that, to do so, the website's servers must meet multiple elements of claim 1 of the '453 Patent. (*Id*. at 6–7.) Particularly, WAG explains that, by transmitting data in an "initial burst," Defendant's servers must have: (a) a receiver buffer to store data in the initial burst prior to transmission and (b) a server buffer to transmit data in the initial burst at a faster rate than the data is generated. (*Id*.) According to WAG, such circumstantial evidence is "as equally valid" as direct evidence of patent infringement. (*Id*. at 7 (citing *Linear Tech. Corp. v. Int'l Trade Comm'n*, 566 F.3d 1049, 1060 (Fed. Cir. 2009).)

The Court agrees with WAG. In the Complaint, WAG alleges where the infringement occurred (Defendant's media servers in the United States); when it occurred (during the '453 Patent's term); who performed the allegedly infringing act (Defendant); and why (to deliver video streaming over the internet). (*See* Dkt. No. 1 ¶ 16, 18; *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017).) Further, the Complaint pleads facts that directly and circumstantially evidence its infringement allegations on an element-by-element basis. (*See* Dkt.

3

No. 1 ¶¶ 22–26; *Mullen Indus. LLC v. Samsung Elecs. Co., Ltd.*, No. 2:24-cv-00049-JRG, 2025 WL 1658927, at *3 (E.D. Tex. Jun. 11, 2025).) For example, the Complaint pleads that WAG's website's servers receive requests from users to join a model's ongoing live stream and maps this alleged fact to "receiving via data communications at a server a request from a user computer for the streaming media" as recited by claim 1 of the '453 Patent. (Dkt. No. 1 ¶ 19, 24.) These facts, when taken together and as true, render WAG's pleadings sufficiently plausible to survive a motion to dismiss.

Moreover, Defendant's arguments are premature. For example, Defendant challenges the amount of evidentiary support within the Complaint, but, at the pleading stage, WAG "is not required to … provide the kind of evidentiary support that would be required at summary judgment." *See Mullen*, 2025 WL 1658927, at *2. In another example, Defendant disputes whether it infringed under Plaintiff's infringement theory, but that too is more properly evaluated at a later stage of the case. *See Id.* at *3.

Accordingly, the Court finds that WAG has plausibly pled direct infringement as to the '453 Patent.

### (2) *Whether the Complaint provides Defendant with sufficient notice?*

Defendant argues that the Complaint has not pled facts sufficient to notify Defendant of what activity WAG is accusing of directly infringing claims 1 and 8 of the '453 Patent. (Dkt. No. 9 at 3; Dkt. No. 11 at 5.) First, Defendant asserts that the Complaint has not identified any "specific activity or algorithm" used by Defendant that infringed the asserted claims. (Dkt. No. 9 at 4.) As support, Defendant points to WAG's allegation that a user of Defendant's webcam sites can request to join a model's stream by clicking on a thumbnail. (*Id.* at 8.) According to Defendant, it "cannot know the specific allegations against it" as WAG has not provided any screenshots, evidence, or

URL of the thumbnail. (*Id*.) Second, Defendant contends that the "lone piece of evidence" in the Complaint—an unmarked graph of unknown origins—has no information to reasonably convey what is shown, let alone form the basis for infringement of the Asserted Patents. (*Id*. at 4–5; Dkt. No. 11 at 1.)

WAG responds by arguing the Complaint informs Defendant of exactly what WAG is alleging to have infringed: "buffering incoming live video streams for downstream distribution." (Dkt. No. 10 at 16–17.) As support, WAG asserts that the Complaint identifies Defendant's website as an accused product or service. (Dkt. No. 13 at 1 (citing Dkt. No. 1 ¶ 3).) WAG further maintains that the Complaint expressly pleads that the graph measures the rate at which Defendant's website transmitted data during the '453 Patent's term and that the rate evidences infringement. (*Id*. at 14.) According to WAG, requiring more would "'improperly and unfairly elevate the plausibility standard to a probability standard.'" (Dkt. No. 10 at 10 (citation omitted).) WAG also contends that Defendant's attempts to shift liability to its users for streaming content indicates that Defendant has proper notice of what is accused. (*Id*. at 16–17.)

The Court finds that the Complaint pleads facts sufficient to provide Defendant with adequate notice of what WAG is accusing of directly infringing the claims of the '453 Patent. As discussed above, the Complaint outlines who is accused of infringement, what activity is accused of infringement, and when and where that activity occurred. Additionally, and while Defendant argues that the Complaint must indicate a specific activity or algorithm that infringed the asserted claims, the Court disagrees. *See Mullen*, 2025 WL 1658927, at *2.

Accordingly, and in light of the above, the Court finds that the Complaint adequately pleads direct infringement as to the '453 Patent.

### *(b) The '869 and '611 Patents*

Defendant asserts that the Complaint has not plausibly pled that Defendant infringed the asserted claims of the '839 and '611 Patents. According to Defendant, WAG pleads that a "'burst of data'" infringed each element of claim 7 of the '839 Patent and claims 1, 2, and 6 of the '611 Patent without identifying "any actual evidence" of such infringement. (Dkt. No. 9 at 11.)

WAG argues in response that the Complaint adequately pleads direct infringement. (Dkt. No. 10 at 16, n. 1.) Specifically, Defendant asserts that infringement of claim 7 of the '869 Patent and of claims 1, 2 and 6 of the '611 Patent requires an initial burst of data because both of the claims require sending streaming media data "at an initial sending rate more rapid than the playback rate." (*Id*.)

Again, the Court agrees with WAG. Contrary to Defendant, the Complaint pleads facts sufficient to support its allegations of direct infringement as to the '869 and '611 Patents. The Complaint explicitly incorporates facts that support WAG's allegation of direct infringement as to the '453 Patent into its allegations of direct infringement as to the '869 and '611 Patents. (Dkt. No. 1 ¶¶ 31, 35.) The Complaint also pleads how Defendant infringed on an element-by-element basis for the asserted claims of both patents. (Dkt. No. 1 ¶¶ 32, 36.) Further, and as discussed above, the question of whether Defendant infringed under WAG's theory of infringement is more appropriately decided later in the case and not at this early stage. *Mullen*, 2025 WL 1658927 at *3.

Accordingly, the Court finds that the Complaint adequately pleads that Defendant directly infringed the asserted claims of the '869 and '611 Patents.

IV.   **CONCLUSION**

Having considered the Motion and its related briefing, and for the reasons set forth herein, the Court finds that Defendant's Motion (Dkt. No. 9) should be and hereby is **DENIED.**

**So ORDERED and SIGNED this 19th day of August, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE