## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| WAG ACQUISITION, L.L.C., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 2:24-CV-00714-JRG |
| | § | |
| TECHNIUS LTD., *d/b/a* STRIPCHAT.COM, | § | |
| | § | |
| *Defendant.* | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Compel (the "Motion") filed by Plaintiff WAG Acquisition, L.L.C. ("Plaintiff"). (Dkt. No. 31.) In the Motion, WAG asks the Court to compel Defendant Technius Ltd., *d/b/a* stripchat.com ("Defendant") "to produce documents required by ¶ 3 of the Discovery Order (Dkt. No. 23) and P.R. 3-4(a)." (*Id.* at 1.) Having considered the Motion and its related briefing, and for the reasons set forth herein, the Court is of the opinion that it should be **GRANTED**.

### I.     BACKGROUND

On August 30, 2024, Plaintiff filed the Original Complaint for Patent Infringement (the "Complaint") against Defendant Technius Ltd., d/b/a stripchat.com ("Defendant"). (Dkt. No. 1.) In the Complaint, Plaintiff alleges that Defendant infringed three (3) of its now-expired patents: U.S. Patent No. 10,567,453; U.S. Patent No. 8,364,839, and 8,185,611 (collectively, the "Asserted Patents"). (Dkt. No. 1 ¶ 8.)

The Asserted Patents generally relate to streaming a live program to a plurality of users from a single, common server-side buffer, even though the various users may be at different points in the stream. (*Id.* ¶ 15.) Plaintiff specifically alleges that Defendant's "internet streaming

services, servers, and web sites branded as Stripchat" and its affiliate/white-label webcam servers and sites (the "Accused Instrumentalities") infringed the Asserted Patents during their respective terms.  (Dkt. No. 32-1 at 1.)

## II.    LEGAL STANDARD

The rules of discovery "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 176 (1979).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).  Rule 37 allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1).  "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 4:20-cv-00042, 2020 WL 6559869, at *2 (E.D. Tex. Nov. 9, 2020) (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)).  Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show specifically why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted.  *Id.*

Under Federal Rule of Civil Procedure 34(a)(1), a party may serve on any other party a request to produce documents "in the responding party's possession, custody, or control."  "Rule 34 is broadly construed and documents within a party's control are subject to discovery, even if owned by a nonparty." *United My Funds, LLC v. Perera*, Case NO. 4:19-CV-00373, 2020 WL 1225042 (E.D. Tex. Mar. 12, 2020) (citing *Mir v. L-3 Commc'n. Integrated Sys., L.P* , 319 F.R.D. 220, 230 (N.D. Tex. 2016) (citing *S. Filter Media, LLC v. Halter*, 2014 WL 4278788, at *5 (M.D.

La. Aug. 29, 2014))).  "Typically, what must be shown to establish control over documents in the possession of a non-party is that there is 'a relationship, either because of some affiliation, employment or statute, such that a party is able to ***command*** release of certain documents by the non-party person or entity in actual possession." *Id*. (citations omitted) (emphasis added); *see also Diamond Consortium, Inc. v. Manookian*, Case NO. 4:16-CV-00094-ALM, 2017 WL 3301527, at *9 (E.D. Tex. Aug. 03, 2017) (citing *Estate of Monroe v. Battle Rock Power Corp.*, 2004 WL 737463, at *3 (E.D. La. 2004)).  "The burden, however, is on the party seeking discovery to make a showing that the other party has control over the documents sought." *Diamond Consortium*, 2017 WL 3301527 at *9.

### III.    ANALYSIS

Plaintiff argues that the Court should compel Defendant to produce all documents and materials required by ¶ 3(b) of the Court's Discovery Order (Dkt. No. 23) and P.R. 3-4(a).  Plaintiff asserts that compulsion is warranted because Defendant has produced nothing in this case. Plaintiff further maintains that Defendant defends its lack of production by making "nonsensical[]" excuses.  (Dkt. No. 31 at 4.)  As support, Plaintiff points to Defendant's argument that the Motion to Dismiss (Dkt. No. 9) must be resolved before discovery can proceed.  (Dkt. No. 31-2, at 1.) Additionally, Plaintiff asserts that any *current* technical material in Defendant's possession is relevant to Defendant's *past* infringement.  (Dkt. No. 31 at 7.)  According to Plaintiff, it may use such materials to demonstrate that Defendant has a routine practice that infringed the Asserted Patents under Federal Rule of Evidence 406.  (*Id*.)

Defendant responds by arguing that compulsion is unwarranted on three (3) grounds.  First, Defendant insists that it "is not refusing to produce relevant and responsive documents." (*Id*. at 1.)  Instead, Defendant represents that, despite its "best efforts," it is unable to find any relevant

documents at all as the alleged infringement occurred years ago or the documents are under a third

party's control. (*Id*. at 2.) Second, Defendant argues that it has no obligation to produce documents

pertaining to its websites outside of the Infringement Period (August 30, 2018 to September 4,

2022). (*Id*. at 3–4.) Specifically, Defendant asserts that those documents are "not relevant to any

claim or defense in the action." (*Id*. at 4.) Lastly, Defendant contends that it cannot determine

which documents are relevant and, thus, need to be produced. (*Id*. at 5–6.) As support, Defendant

cites to Plaintiff's identification of the Accused Instrumentalities. (*Id*. at 6 (quoting Dkt. No. 32-

1).) According to Defendant, "this vague definition does not provide adequate notice to Defendant

of the full scope of the Accused Instrumentalities." (*Id*.)

The parties dispute whether Defendant's technical material from after the Infringement

Period is relevant. Evidence is relevant if it has any tendency to make a fact of consequence more

or less probable than it would be without the evidence. FED. R. EVID. 401. In other the words,

"the evidence must be probative of the proposition it is offered to prove," and "the proposition to

be proved must be one that is of consequence to the determination of the action." *U.S. v. Hall*, 653

F.2d 1002, 1005 (5th Cir. 1981) (citations omitted). Here, Plaintiff alleges that the technical

material is probative of Defendant's routine practice and that Defendant's routine practice may be

used to prove infringement of the Asserted Patents during the patents' term under Federal Rule of

Evidence 406. The Court finds that, under the "broad and liberal[ly]" construed discovery rules,

the technical material is relevant and should be produced. *Herbert v. Lando*, 441 U.S. 153, 176

(1979).

Additionally, none of Defendant's arguments are persuasive. Defendant has an obligation

to produce relevant documents that are discoverable under ¶ 3(b) of the Discovery Order (Dkt. No.

23) and P.R. 3-4(a). Defendant is not "excused from disclosure" because the Motion to Dismiss

(Dkt. No. 9) is pending.  (Dkt. No. 23 ¶ 10.)  Despite these provisions and their deadlines, it is undisputed that Defendant has not produced a single document thus far in this case.  (*See* Dkt. No. 32-2 ¶ 6 ("we have not yet been able to locate relevant materials").)  Accordingly, and considering the complete failure by Defendant to comply with its discovery obligations, the Court finds that compulsion is warranted here.

## IV.    CONCLUSION

For the reasons stated herein, the Court finds that the Motion should be and hereby is **GRANTED**.  Accordingly, the Court **COMPELS** Defendant to produce all documents required by ¶ 3(b) of the Discovery Order (Dkt. No. 23) and P.R. 3-4(a) within ten (10) days from the date of this Order.

**So ORDERED and SIGNED this 19th day of August, 2025.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE