UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

WAG ACQUISITION, L.L.C.,

                              Plaintiff,

          v.

TECHNIUS LTD., d/b/a stripchat.com,

                              Defendant.

No. 2:24-cv-00714-JRG

**WAG'S OPPOSITION TO TECHNIUS'S MOTION FOR PROTECTIVE ORDER
AND WAG'S CROSS-MOTION TO COMPEL AND FOR SANCTIONS**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................... 1

II.   BACKGROUND ...................................................................................................... 2

III.  THE EXISTING PROTECTIVE ORDER ALREADY PROVIDES FOR U.S.
      PRODUCTION ......................................................................................................... 3

IV.   TECHNIUS FAILS TO SHOW GOOD CAUSE UNDER RULE 26(c) ................ 3

V.    MEET-AND-CONFER OPTICS AND AMBUSH TIMING ................................... 6

VI.   REQUESTED RELIEF ............................................................................................ 7

CERTIFICATE OF CONFERENCE ................................................................................. 9

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Calsep A/S v. Dabral*, 84 F.4th 304 (5th Cir. 2023) ........................................................................7

*Cantu v. Mammoth Energy Servs.,* No. SA-19-CV-00615-DAE, 2021 WL 3852034
(W.D. Tex. Aug. 27, 2021) ...............................................................................................................4

*Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690 (5th
Cir. 2017) ..........................................................................................................................................4

*Harris v. Amoco Prod. Co.*, 768 F.2d 669 (5th Cir. 1985) ..............................................................4

*Headwater Research LLC v. Samsung Elecs. Am.*, No. 2:22-CV-00422-JRG-RSP, 2024 WL 1468923
(E.D. Tex. Apr. 4, 2024) ...................................................................................................................4

*In re Terra Int'l*, 134 F.3d 302 (5th Cir. 1978) ...............................................................................4

*Jagex Ltd. v. Impulse Software*, 273 F.R.D. 357 (D. Mass. 2011) ..................................................6

*Landry v. Air Line Pilots Ass'n*, 901 F.2d 404 (5th Cir. 1990) .......................................................4

*Medacist Solutions Grp., LLC v. Omnicell, Inc.*, No. 09 Civ. 6128, 2010 WL 11655322 (S.D.N.Y. Oct. 5,
2010) ..................................................................................................................................................3

*Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:10-CV-2618-D, 2013 WL 3095106
(N.D. Tex. June 20, 2013) .................................................................................................................3

*Saxon Innovations, LLC v. Nokia Corp.*, No. 6:07-CV-00490, 2008 WL 11346472
(E.D. Tex. Aug. 18, 2008) .................................................................................................................5

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) .................................................................4

**Other Authorities**

Fed. R. Civ. P. 37 .............................................................................................................................7

## I.    INTRODUCTION

On August 19, 2025, this Court ordered Technius to produce its source code for the accused products, which Technius had withheld, despite the clear mandate of P.R. 3.4(a) for such production. Dkt. 35 at 5 ("So Ordered"). Following that Order, Technius continued to hold back production of source code, taking the position for the first time that it would only make its code available for review *in Cyprus*. *See* Ex. 1 attached hereto (Sep. 2, 2025 letter of Joseph J. Zito). WAG objected to this as contrary to the Protective Order ("PO"), which provides for production "*at the offices of the producing Party's outside counsel.*" Dkt. 26, ¶ 10. On September 26, the date of the parties' *third* meet and confer on **WAG's** renewed motion to compel, Technius went to the Court less than an hour after that meet-and-confer to preemptively move for a second protective order—seeking to override the existing PO by relocating inspection to Cyprus. Technius's motion was filed without any prior notice, let alone proper conferral with WAG, despite Technius clearly having its motion ready in hand during the September 26 conference on WAG's renewed motion to compel.

Technius seeks to force WAG to go to Cyprus to review source code that should have been produced months ago, here in the U.S., as a matter of course. Techius's conduct violates the Court's Order to Compel. Its new demand is contrary to the existing PO that Technius agreed to, and obviously would impose substantial additional cost and inconvenience on WAG in order to move forward with this case.[1]

WAG hereby cross-moves for appropriate further relief. WAG respectfully requests that the Court (1) DENY Technius's present motion, and, pursuant to WAG's cross-motion, (2) ORDER expedited source code production at the U.S. at the offices of Technius's outside counsel of record herein, and (3) award Rule 37(b) fees/sanctions against Technius for non-compliance.

---

[1] Technius's motion also flouts applicable page limits. *See* Dkt. 23, par. 9(b) (specifying 7 pages for a discovery-related motion plus no more than 5 pages of attachments).

## II.    BACKGROUND

Production of source code was originally required **five months ago**, on May 7, 2025. *See* Dkt. 19 (Docket Control Order) at 4. Technius's ongoing failure to produce its code has stood in the way of considerable progress in the case, including depositions. Further, because WAG will have the right under the Discovery Order (Dkt. 23, ¶3(a)(i)) to amend infringement contentions based on Technius's source code, Technius's failure to produce stands to cause further problems, including with the *Markman* process currently underway.

As the Court may recall, Technius initially tried to avoid *any* source code production, claiming it was not given enough information to locate any, or that any source code it possessed could not be relevant to past infringement. *See* Dkt. 32 (Deft. Opp. to Mot. to Compel) at 5-7. [2] The Court granted WAG's motion to compel on August 19, finding that Technius had produced *nothing*, rejecting its excuses, and ordering production *within 10 days. Id.* at 4–5 (finding "complete failure by Defendant to comply with its discovery obligations").

Technius failed to meet the Court's 10-day deadline. Its eventual response (Ex. 1), sent on September 2, offered to "make its source code available … *at Technius's headquarters in Cyprus.*" In addition to being untimely, Technius's response did not comply with the Court's Order, as the existing PO provided for review "*at the offices of the producing Party's outside counsel.*" Technius was therefore, as of August 29, in violation of the Court's Order to Compel.

Technius did not raise a Cyprus locus for source code production until after it violated the Court's Order, underscoring that Technius's motion is a *post hoc* attempt to rewrite obligations to up the burden on WAG, rather than a timely request for modification. Technius's present motion, filed

---

[2] Technius's own Ex. B (Dkt. 38-4), dated September 8th, shows (at 3) that its counsel continued to argue against the need to produce any source code *at all*, even *after* the Court's Order to do so, and *after* its default thereof ("We do not agree that you need any access to any code in order to properly prepare your infringement contentions").

September 26, does not seek relief from or modification of the Court's Order to Compel; it just asks to redirect the inspection location to Cyprus—a collateral end-run around a live order to compel.[3]

## III.    THE EXISTING PROTECTIVE ORDER ALREADY PROVIDES FOR U.S. PRODUCTION

Para. 10(a) of the PO contains the default provision of this Court, for source code review "at the offices of the producing Party's outside counsel." There is no genuine question what this means, nor was that a point of contention between the parties prior to agreeing to the terms of the PO. Pars. 5(a) and 5(c) of the PO make repeated references to "outside counsel," in a manner that makes it clear that "outside counsel" means "outside counsel in the litigation of this Action." PO ¶ 5(c). PO ¶ 10(b) expressly requires the parties "to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unduly hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action." Further, PO ¶ 10(k) expressly contemplates physical transport (hand/FedEx) and code availability for depositions/court—*i.e.*, the framework assumes U.S. litigation logistics, *not* situating source code review overseas.

Taken as a whole, the PO simply rules out any suggestion that one party can agree to (and be ordered to comply with) the terms of that PO, but then turn around and hold crucial documents such as source code hostage, for inspection only at a location of its choosing, half-way around the world.

## IV.    TECHNIUS FAILS TO SHOW GOOD CAUSE UNDER RULE 26(c)

Technius's present motion (*see* Proposed Order, Dkt. 38-5) which would *modify* the PO to provide for production in Cyprus, can only be taken as an *admission* (contrary to its position in *every*

---

[3] Contrary to the implication of 2 of Mr. Deming's Declaration (D.I. 38-2), Technius's first move was not to offer production at "outside counsel's" office in Cyprus. That (also inadequate) proposal was only in response to WAG's Sep. 4 objection to Mr. Zito's prior Sep. 2 letter (Ex. 1), offering production "*at Technius's headquarters in Cyprus.*"

meet-and-confer discussion) that such production would *not* comply with the *existing* PO.

A "modification" (as opposed to mere interpretation) introduces a further issue of good cause. "An agreed protective order may be viewed as a contract, and once parties enter an agreed protective order they are bound to its terms, absent good cause to modify or vacate the protective order." *Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:10-CV-2618-D, 2013 WL 3095106, at *3-4 (N.D. Tex. June 20, 2013) (internal quotation omitted) (refusing to extend agreed protective order to add provision that could have been included if so intended); *see also Medacist Solutions Grp., LLC v. Omnicell, Inc.*, No. 09 Civ. 6128, 2010 WL 11655322, at *3 (S.D.N.Y. Oct. 5, 2010) ("The good cause requirement typically is increased where, as here, the moving party stipulated to the terms of the original protective order.") (citations omitted).

In deciding whether to modify a protective order, courts generally consider four factors: "(1) the nature of the protective order, (2) the foreseeability, at the time of the issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Headwater Research LLC v. Samsung Elecs. Am.*, No. 2:22-CV-00422-JRG-RSP, 2024 WL 1468923, at *1 (E.D. Tex. Apr. 4, 2024).

Technius's own cited caselaw weighs against good cause here, where all it has offered are conclusory statements. *See In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1978) ("The movant bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."); *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690 (5th Cir. 2017) (quoting *In re Terra Int'l*). Thus, there exists no good cause, whether viewed as a factor for modifying an existing stipulated protective order or as a basis for granting a new specific protective order. Technius's other cited cases are either (i) also of no avail to it: *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990) (issue: stay of discovery pending summary judgment motion); *Cantu v. Mammoth Energy*

*Servs.,* No. SA-19-CV-00615-DAE, 2021 WL 3852034, at *2 (W.D. Tex. Aug. 27, 2021) (Covid precautions); *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985) (discretion to control *use* of discovery information); or (ii) completely tangential: *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (constitutionality of state court protective order limited to information gained in discovery).

Technius's main argument, based on alleged security concerns (Mot. at i, 1) points to no particularized risk tied to review at the U.S. offices of its own counsel of record—only conclusory trade secret generalities. Issues of security are *already* addressed, in a manner that Technius agreed to as adequate, by the existing PO's highly restrictive standalone / no network / print log framework for source code production and review. Technius provides no rationale for why these measures— entirely customary and widely accepted—are suddenly insufficient.

Technius raises its engineer's U.S. visa problems. But it fails to show any relevance of the Cypriot engineer's presence, or his U.S. visa status. Technius can (for example) set up a laptop for this review anywhere convenient to it, and ship the laptop to its U.S. counsel by means of its choice. Any questions can be handled remotely. None of this requires a specific Technius employee to hand-carry the laptop or code to the review site or otherwise be present.

Moreover, at the time the parties filed their Joint Motion for Entry of Agreed Protective Order on April 16, 2025 (Dkt. 24), Technius's alleged new high-performance version of its source code was already implemented (September 2022), and Mr. Mikhaelis's visa status was already "refused" (June 2023). In other words, all of the purported reasons Technius now gives as to why its source code cannot now be made available at the offices of its U.S. outside counsel of record were known to Technius when it agreed to the terms of the current PO.

Thus, all four factors as to good cause to modify the PO weigh heavily in WAG's favor. In particular, modification of the PO is not warranted where it was not only foreseeable but inevitable that Technius would have to produce its source code. *See, e.g.,* Order Setting Scheduling Conference,

(Dkt. 12, Feb. 24, 2025) (setting P.R. 3-4 deadline).

As for cost and inconvenience, the Court's Order to Compel already prioritized production, and the five-month unexcused delay here only exacerbates it. Adding international travel, time zones, and foreign facilities would unreasonably hinder and delay the receiving party under ¶ 10(b).

Technius's belated plea to relocate inspection overseas is contrary to the agreed PO and contrary to the authority that Technius itself cites (*see* Mot. at 6-7). Technius's only cited case, *Saxon Innovations, LLC v. Nokia Corp.*, No. 6:07-CV-00490, 2008 WL 11346472, at *2 (E.D. Tex. Aug. 18, 2008), centralized review in Boston when defendants wanted multiple foreign sites. This cuts *against* Technius's Cyprus request and supports a single domestic site. *See also Jagex Ltd. v. Impulse Software*, 273 F.R.D. 357, 358–59 (D. Mass. 2011) (providing access to source code in Massachusetts was reasonable where "[r]equiring … counsel to go to the United Kingdom to view the source code … constitutes an unreasonable burden").

## V.   MEET-AND-CONFER OPTICS AND AMBUSH TIMING

Technius cites the parties' September 9, 18, and 26 conferences and claims impasse. Yet, it filed its present motion—without having mentioned it—almost immediately after the parties' September 26 call on WAG's contemplated renewed motion to compel. Even if that facially satisfied Local Rule CV-7(h) (which it does not), the timing underscores litigation by ambush, not a good-faith effort to comply with the Court's Order to Compel.

Technius's "Certificate of Conference" fails to note that the "meet and confer" on September 26 was at WAG's request, to address Technius's failure to comply with outstanding orders. Technius's counsel took the position at that conference that its proposed Cyprus production (as modified to be at the offices of Cyprus *counsel*) complied with the existing PO and refused to entertain a U.S. location for production. *See* Certificate of Conference, below. Technius's counsel never mentioned any motion to *modify* the protective order, and hence there was no meet and confer

thereon. While the *facts* about the source code location overlap between (1) WAG's would-be motion to compel / enforce the Court's prior Order and (2) Technius's instant motion, the *law* between the two is quite different (the protective order adds the significant issue of good cause). There was thus no discussion in any meet-and-confer of the law for Technius's present motion, or else WAG's counsel would have pointed out the serious deficiencies with Technius's sought relief.

Technius's Certificate of Conference was also *supposed* to state "whether the motion is opposed." L.R. 7(i). Instead, the Certificate represented that "Plaintiff opposes *the relief* sought by Defendant in this motion." The Certificate fails to address whether WAG opposed "*the motion,*" and could not have done so, for the simple reason that Technius never mentioned its motion before it was filed. Nor does Technius's motion mention that what the parties actually discussed was a *different* motion (WAG's motion).

Technius's Certificate thus shades the truth, in a manner that WAG submits is material. Technius's conduct necessitated this motion (see Fed. R. Civ. P. 37(a)(5)(A). It failed to comply with the Order to Compel (*id.*, subsec. (b)(2)(A)), and its conduct and improper certificate manifest bad faith. These facts and circumstances are sufficiently aggravated, and the expense and prejudice to WAG is sufficiently serious, to further warrant at least monetary sanctions. *See Calsep A/S v. Dabral*, 84 F.4th 304, 310–12 (5th Cir. 2023) (affirming monetary as well as more severe sanctions for discovery violations relating to source code).

## VI.    REQUESTED RELIEF

The Court should (1) deny Technius's Motion for Protective Order specifying Cyprus. (Dkt. 38); (2) enforce the Dkt. 35 Order to Compel, with a 7-day deadline for source-code inspection at Technius's outside counsel of record in the United States under the existing PO; and (3) order Rule 37(b) sanctions/fees for non-compliance, with a provision for escalating remedies for any further violation. WAG's Proposed Order is submitted herewith as Ex. 2.

Dated: October 10, 2025

Respectfully submitted,

*/s/ Ronald Abramson*
Ronald Abramson (*pro hac vice*)
New York Bar No. 1457126
David G. Liston (*pro hac vice*)
New York Bar No. 2642049
Gina K. Kim
Texas Bar No. 24097937
**Liston Abramson LLP**
The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, NY 10174
Email: docket@listonabramson.com
Telephone: 212-257-1630

Wasif H. Qureshi
Texas Bar No. 24048155
wqureshi@jw.com
**Jackson Walker LLP**
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4521

*Counsel for WAG Acquisition, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2025, I caused the within document to be electronically

served on all counsel of record in this case by filing the same with the Court's CM/ECF system.

Dated: October 10, 2025

By: */s/ Ronald Abramson*
    Ronald Abramson

## <u>CERTIFICATE OF CONFERENCE</u>

Technius failed to produce source code, as had been ordered, by Friday August 29, 2025 (as had been "so ordered" on and as of August 19, 2025 (Dkt. 35 at 5)). On September 2, 2025, Technius sent the letter attached hereto as Ex. 1, stating, completely unexpectedly, that Technius would make the source code production "at Technius's headquarters in Cyprus," suggesting that this would have been in compliance with the Court's Order to Compel. On September 4, 2025, WAG adamantly objected to Technius's position. Then, on September 8, 2025, Technius again changed its position to move the production to some unspecified law firm office in Cyprus. On September 9, 18, and 26, 2025, the parties met-and-conferred pursuant to WAG's requests (with Gina K. Kim, regularly admitted in this Court, also participating on behalf of WAG) to discuss Technius's failure to produce source code and WAG's intention to move for further relief. On each occasion, Technius's counsel insisted that source code production in Cyprus complied with its production obligations. At no time did Technius's counsel raise any proposed modification of the existing Protective Order in this regard or make any mention of any plan on its part to move for a protective order. WAG was not asked if it opposed such a motion, as this motion itself was never mentioned. The last call ended without agreement as to the locus of source code production. Within less than an hour thereafter, Technius filed the present motion. (For the reasons specified in the body of this response, WAG *does* oppose the motion.)

Dated: October 10, 2025                          By:  _/ s/ Ronald Abramson_
                                                      Ronald Abramson