IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WAG ACQUISITION, L.L.C., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 2:24-CV-00714-JRG |
| | § | |
| TECHNIUS LTD., *d/b/a* STRIPCHAT.COM, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are: (a) the Motion for Protective Order (the "Motion") (Dkt. No. 38) filed by Defendant Technius Ltd., *d/b/a* stripchat.com ("Defendant"); and (b) the Cross-Motion to Compel and for Sanctions (the "Cross-Motion") (Dkt. No. 40) filed by Plaintiff WAG Acquisition, L.L.C. ("Plaintiff"). Having considered the Motions, their related briefing, and the parties' oral arguments, and for the reasons set forth herein, the Court finds that the Motion should be **DENIED** and the Cross-Motion should be **GRANTED-AS-MODIFIED**.

**I.   BACKGROUND**

On April 21, 2025, the Court issued a Protective Order in this case. (Dkt. No. 26). The Protective Order provides that:

> Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) . . . [and] the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel.

(*Id.* ¶ 10(a)).

On August 19, 2025, the Court issued a Memorandum Opinion and Order (the "Order") compelling Defendant "to produce all documents required by ¶ 3(b) of the Discovery Order (Dkt. No. 23) and P.R. 3-4(a) within ten (10) days from the date of this Order." (Dkt. No. 35 at 5). In

reaching its decision, the Court found that Defendant had not produced a single document thus far in the case. (*Id.*).

## II. LEGAL STANDARD

### (a) Modification of Protective Orders

Federal Rule of Civil Procedure 26 allows a court to enter a protective order to protect a party's confidential information, among other things. Fed. R. Civ. P. 26(c)(1). "The court enjoys broad discretion in entering and modifying any such order." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008) (internal citations omitted). That said, "protective orders should generally be modified to allow discovery in other actions." *Stack v. Gamill*, 796 F.2d 65, 68 (5th Cir. 1986). In deciding whether to modify a protective order, courts generally consider four factors: "(1) the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Raytheon*, 2008 WL 4371679, at *2 (internal citations and quotation marks omitted).

### (b) Rule 37(b) Sanctions

Federal courts "have broad discretion to impose sanctions for discovery misconduct." *Williams v. Am. Honda Motor Co.*, No. 6:20-CV-00022, 2022 WL 1071463, at *1 (E.D. Tex. Apr. 8, 2022) (citing *Smith & Fuller, P.A v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012)). Federal Rule of Civil Procedure 37(b)(2)(A) allows for sanctions when a party "fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A). The Fifth Circuit has broadly interpreted Rule 37 so as to not limit the imposition of sanctions to instances where a party

fails to obey a court order, such as a motion to compel. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

### III.  ANALYSIS

The Court addresses the Motion and Cross-Motion in turn.

**(a) The Motion (Dkt. No. 38)**

Defendant moves to modify the Protective Order to specify that any source code review must "take place at Defendant's outside counsel in the Republic of Cyprus [("Cyprus")], the country where Defendant's headquarters [are] located." (Dkt. No. 38 at 1). Defendant argues that such specification is warranted for three (3) reasons. (*Id*. at 3). First, Defendant insists that its request is consistent with ¶ 10(a) of the Protective Order, which has not limited "outside counsel" to "counsel of record in this [case]." (*Id*.). Second, Defendant asserts that Cyprus is the most convenient and secure location for source code review. (*Id*. at 3–4). As support, Defendant represents that, while its head of streaming "can and will be on call at all times" for source code review in Cyprus, he is unable to travel to the U.S. as the U.S. Department of State denied his visa. (*Id*.). Finally, Defendant contends that travel costs to Cyprus are not unreasonable. (*Id*. at 5–6).

The Court agrees with Plaintiff that Defendant has not shown good cause to modify the Protective Order. (Dkt. No. 40 at 3). As an initial matter, at the time the Protective Order issued (April 21, 2025), Defendant could foresee that its head of streaming could not travel to the United States. Indeed, the U.S. State Department denied his visa application in June of 2023, ***almost two (2) years*** prior to the issuance of the Protective Order. (*See* Dkt. No. 38-1 ¶ 8). Additionally, low travel costs and convenience have not supplied the missing good cause here.

Accordingly, the Court finds that the Motion (Dkt. No. 38) should be **DENIED**.

**(b) Cross-Motion (Dkt. No. 40)**

In the Cross-Motion, Plaintiff moves (a) to enforce the Court's Order, with a seven (7) day deadline for source code inspection at Defendant's outside counsel of record in the United States; and (b) for Rule 37(b) sanctions for non-compliance with the Order. (Dkt. No. 40 at 7). Plaintiff argues that its requested relief is warranted because Defendant has delayed the production of its source code for months, despite the Court's Order. (Dkt. No. 40 at 2). According to Plaintiff, Defendant has been in violation of the Court's Order since August 29, 2025. (*Id*.).

Defendant argues in response that the Court should not award sanctions or further compulsion for two (2) reasons. (Dkt. No. 41 at 2). First, Defendant asserts that its failure to produce source code has not delayed discovery. (*Id*.). Second, Defendant insists that it has legitimate concerns about the security of its source code. (*Id*. at 3).

The Court finds that Defendant has "fail[ed] to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A). Defendant has not disputed that the Court has required it to produce source code, nor could it. The Court compelled Defendant "produce all documents required by ¶ 3(b) of the Discovery Order," which includes "all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action," such as the source code. (Dkt. No. 35 at 5; Dkt. No. 23 ¶ 3(b)). Defendant also has not disputed that it has not produced its source code despite the Court's clear guidance. Instead, Defendant suggests that it may ignore the Court's orders so long as discovery is not delayed. The Court firmly rejects this argument. Sanctions are appropriate under these facts.

Accordingly, the Court finds that Plaintiff's Cross-Motion (Dkt. No. 38) should be **GRANTED-AS-MODIFIED**.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that the Motion (Dkt. No. 38) should be and hereby is **DENIED**. Additionally, the Court finds that the Cross-Motion (Dkt. No. 40) should be and hereby is **GRANTED-AS-MODIFIED**. Accordingly, the Court **ORDERS** that:

1) Defendant shall make its source code available for inspection at the offices of its outside counsel of record, in the United States, on a stand-alone computer consistent with ¶ 10 of the Protective Order (Dkt. No. 26). This inspection shall occur on a date to be agreed by the parties which is not later than **twenty-one (21) days** after the date that Plaintiff notifies Defendant as to the availability of its expert for the review.

2) Plaintiff is **AWARDED**, as sanctions, pursuant to Rule 37(b), its reasonable attorneys' fees and costs incurred in connection with the Cross-Motion and its opposition to Defendant's Motion. Should the parties be unable to agree as to the amount or timing of payment of this award, Plaintiff may file a fee application within fourteen (14) days of this Order, to which Defendant may respond within seven (7) days thereafter.

**So ORDERED and SIGNED this 23rd day of December, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE