UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WAG ACQUISITION, L.L.C.,<br><br>       Plaintiff,<br><br>v.<br><br>TECHNIUS LTD., d/b/a stripchat.com,<br><br>       Defendant. | No. 2:24-cv-00714-JRG<br><br>**JURY TRIAL DEMANDED** |

## UNOPPOSED MOTION TO AMEND THE DOCKET CONTROL ORDER

Plaintiff WAG Acquisition, L.L.C. ("Plaintiff" or "WAG") respectfully moves to amend certain deadlines in the Docket Control Order ("DCO") (Dkt. No. 19) for good cause as explained below.

### I. BACKGROUND

This case was filed on August 30, 2024. (Dkt. No. 1.) WAG alleges that Technius's internet adult content interactive "webcam" sites infringe U.S. Patent Nos. 10,567,453, 8,364,839, and 8,185,611, which relate to streaming media systems and methods.

On September 26, 2025, Technius filed a motion for protective order requesting the Court order source code inspection to take place in Cyprus, and on October 10, 2025, WAG filed its a cross-motion to compel. (Dkt. Nos. 38, 40.) Following a hearing on December 12, 2025, the Court ordered that the source code be made available in the United States within "twenty-one (21) days after the date that Plaintiff notifies Defendant as to the availability of its expert for the review." (Dkt. No. 54 at 5.)

The Parties have agreed for the source code inspection to occur on January 19–20, 2026 at Technius's outside counsel's offices in Washington, D.C.

Paragraph 3(a)(i) of the Discovery Order (Dkt. No. 23) sets the deadline for WAG to supplement its infringement contentions within 30 days after source code is produced. Based on the anticipated January 19–20, 2026 inspection, the deadline for WAG to supplement its infringement contentions would be February 19, 2026.

The current deadline to complete fact discovery and serve opening expert reports is February 17, 2026.

## II.   GOOD CAUSE TO AMEND THE DCO

Plaintiff proposes – and Defendant does not oppose – the proposed amended due dates set forth in the attached document for all of the dates proposed in the First Amended DCO. *See* attached Proposed First Amended DCO. The proposed First Amended DCO modifies case deadlines to allow the Parties sufficient time to complete discovery, including the aforementioned source code inspection and fact witness depositions, prior to the deadline for opening expert reports, and adjusts the remaining dates accordingly, but with appropriate modifications for dates landing on or near holidays. The proposed modifications move the current trial date by sixty-four (64) days.

Good cause exists to modify the DCO as set forth herein. The schedule adjustments proposed are appropriate, reasonable, and necessary to avoid prejudice. The Parties have agreed for the source code inspection to occur on January 19–20, 2026, which is less than one month prior to the current deadline for the close of fact discovery and the deadline for opening expert reports on February 17, 2026. Such time is insufficient for the Parties to complete the discovery required in this case, including taking fact witness depositions and preparing supplemental

infringement contentions, and for the experts to prepare their opening reports. Technius's fact witnesses are also located in Cyprus, which will require further logistical coordination.

The scheduling adjustments proposed allow the Parties approximately two more months (sixty-three (63) days) to complete fact discovery and for their experts to draft their opening reports. The remaining dates in the case schedule are then also adjusted by sixty-three (63) days, with modifications for dates landing on or near holidays. This Court has previously found good cause to exist to extend a case schedule by sixty (60) days where the parties in that case experienced delays with source code inspection and the service of source code infringement contentions. *See Intellectual Ventures I LLC v. JP Morgan Chase & Co.*, No. 2:23-CV-00523-JRG (E.D. Tex. Oct. 21, 2024) (ECF No. 87) (denying request to extend trial date by 119 days but modifying DCO to extend trial date by 60 days).

Plaintiff believes the scheduling adjustment proposed is modest and warranted by good cause. A more limited extension would prejudice the Parties by not allowing them sufficient time to complete analysis and fact discovery prior to the close of fact discovery and the deadline for opening expert reports.

## III.     CONCLUSION

Plaintiff does not make this motion for purposes of delay, but for good cause as stated above. A proposed version of the First Amended DCO is attached.

Date:  January 15, 2026                                  Respectfully submitted,

/s/ Ronald Abramson
Ronald Abramson (*pro hac vice*)
  New York Bar No. 1457126
  ron.abramson@listonabramson.com
David G. Liston (*pro hac vice*)
  New York Bar No. 2642049
  david.liston@listonabramson.com
Ari J. Jaffess (*pro hac vice*)
  New York Bar No. 4621397
  ari.jaffess@listonabramson.com
M. Michael Lewis (*pro hac vice*)
  New York Bar No. 4467007
  michael.lewis@listonabramson.com
Gina K. Kim
  Texas Bar No. 24097937
  gina.kim@listonabramson.com
**LISTON ABRAMSON LLP**
The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, NY 10174
212-257-1630

Wasif H. Qureshi
wqureshi@jw.com
**JACKSON WALKER LLP**
1401 McKinney, Suite 1900
Houston, Texas  77010
Telephone:  (713) 752-4521

**COUNSEL FOR WAG ACQUISITION, L.L.C.**

4

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), the undersigned certifies that counsel for WAG met and conferred with counsel for Technius on January 9–15, 2025. Defendant does not oppose the Motion.

By: _/s/ Ronald Abramson_
Ronald Abramson

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2026, I caused the foregoing document to be filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the Court's electronic case filing system, and thus the foregoing document has been electronically served on counsel of record.

By: _/s/ Ronald Abramson_
Ronald Abramson