# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |  |
|---|---|---|
| WAG ACQUISITION, L.L.C. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:24-cv-00714-JRG |
| | § | |
| TECHNIUS LTD. D/B/A | § | |
| STRIPCHAT.COM, | § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFF WAG ACQUISITION, L.L.C.'S RESPONSES
## TO DEFENDANT'S MOTIONS *IN LIMINE*

## TABLE OF CONTENTS

Response to Technius MIL 1: References to Pornography (etc.).....................................................1

Response to Technius MIL 2: Post-Expiration Evidence ...........................................................3

Response to Technius MIL 3: Wayback Machine Evidence.........................................................5

Response to Technius MIL 4: Standards Documents ..................................................................6

CONCLUSION.........................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                                               **Page(s)**

*Acceleration Bay LLC v. Amazon Web Servs., Inc.*,
    No. CV 22-904-RGA, 2026 WL 837160 (D. Del. Mar. 26, 2026) ................................ 3, 5

*Evans v. Lindley*,
    2020 WL 6504449 (S.D. Tex. 2020) .................................................................................. 6

*Lucent Tech., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) ..................................................................................... 3, 5

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*,
    213 F. Supp. 2d 1148 (C.D. Cal. 2002) ............................................................................. 6

*Weinhoffer v. Davie Shoring, Inc.*,
    23 F.4th 579 (5th Cir. 2022) .............................................................................................. 5

**Rules**

Fed. R. Evid. 403 ..................................................................................................................... 4

Fed. R. Evid. 703 ..................................................................................................................... 5

Plaintiff WAG responds as follows to Defendant Technius Ltd.'s MILs 1-4.

## Response to Technius MIL 1: References to Pornography (etc.)

**Limitation Sought by Technius:** Technius would preclude "any counsel, party or witness at trial from referring to Defendant or Defendant's business as 'pornographers,' a 'pornographic website,' 'pu[r]veyors of pornography,' 'adult website' 'nude website' or as 'Technius d/b/a Stripchat.com' or any other similar pejorative description."

The parties met and conferred and were not tremendously far apart on this subject.

WAG has no intention of smearing Technius or presenting unsavory matter that could make jurors uncomfortable.

Nevertheless, WAG must prove the economic value of the patented subject matter to Technius's actual business, in a hypothetical negotiation. Beyond just offering generic streaming media, or even live streaming media, Technius's core business throughout the relevant periods was offering live, interactive adult-oriented streaming media over the internet. *See* Ex. 1 (Christoforou Dep.), at 107:14-109:15 (live adult webcam business), 42:14-43:13 (revenue from user interaction with webcam performers). The "live" and "interactive" aspects of this are significant, but in addition the further aspects of responsiveness and immediacy are particularly tied to the adult nature of the subject matter. A fair opportunity to prove damages requires that the jury be able to appreciate the context of adult entertainment in which the patented technology would be used, in order to value the hypothetically negotiated license.

Thus, a reasonable balance should be struck between discretion and decorum, on the one hand, and giving the plaintiff its due opportunity to prove its damages in court, on the other. WAG respectfully submits that the parties, in their meet and confer on these motions, were getting close to striking that balance.

WAG is agreeable to not using the terms "pornographers" or "pornography" in connection with Technius and its websites and/or services. WAG is further agreeable to not referencing

- 1 -

"stripchat.com" as a d/b/a of Technius and does not object to Technius's request to amend the caption in this regard.

Giving effect to these agreed measures reduces the zone of contention, if any, between the parties, as to the types of descriptions that should be permitted or limited at trial. After giving effect to the matters on which the parties appear to be in agreement, the remaining parameters of any disagreement come down to the following:

> [Preclude reference to] Defendant or Defendant's business
>     [AGREED] as 'pornographers,' a 'pornographic website,' 'pu[r]veyors of pornography,'
>     [SEE BELOW] 'adult website,'
>     [AGREED] 'nude website,'
>     [AGREED] or as 'Technius d/b/a stripchat.com,'
>     [AGREED] or any other similar pejorative description.

The principal remaining area of disagreement thus appears to concern WAG's ability to refer to Technius as being an operator of internet streaming websites involving *interactive adult content*.[1]

As addressed above, WAG will find it necessary, in order to present its case as to a reasonable royalty, to be able to reference the accused internet offerings as involving live, interactive adult content. WAG's damages expert, in conducting his analysis, examined comparable prior WAG settlement agreements related to competitors of Technius, adult websites. It is not completely clear to WAG that Technius actually opposes such a limited reference. Should Technius remain committed to opposing such limited usages at trial, WAG respectfully submits that the Court should rule in WAG's favor on the point.

---

[1] As for references to "stripchat.com," WAG understands Technius to be objecting specifically to stripchat.com *as a d/b/a for Technius Ltd.* Thus, WAG does not understand Technius's MIL request as seeking to preclude simply identifying or referring to stripchat.com as the domain and market name of its leading internet web site, accused of herein of having operated so as to infringe. Technius has formally admitted to being the publisher and operator of the stripchat.com web site. *See* Ex. 6, at 4. To the extent the MIL is seeking to preclude WAG from identifying the name of their own primary web site, such request should be denied.

**Response to Technius MIL 2: Post-Expiration Evidence**

> **Limitation Sought by Technius:** Technius would exclude "all evidence and testimony comprising, referring to, or relying on evidence of activities occurring after the expiration of the patents in suit."

Technius argues that actionable infringement must have occurred during the patent term but erroneously asserts that this can only be proved with evidence *gathered* during the term. DI 85 at 3-4. Yet, the fact of infringement on a specified second post-expiration date may well constitute circumstantial evidence of a continued practice that likewise infringed at an earlier in-term date. *E.g.*, *Lucent Tech., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317-20 (Fed. Cir. 2009); *Acceleration Bay LLC v. Amazon Web Servs., Inc.*, No. CV 22-904-RGA, 2026 WL 837160, at *15-16 (D. Del. Mar. 26, 2026). Likewise, evidence of an organization's routine practice may be admissible under Rule 406 to prove acting in accordance with the routine practice at a particular pre-expiration time, where, for example, the routine practice results from programmatic execution of software. This is especially the case where there is no evidence of material changes having been made to the software. *See* DI 86-6 ¶ 54; *Acceleration Bay LLC*, 2026 WL 837160, at *15-16 (infringement reasonably found when no evidence that "infringing functionality was added to the accused products after the patents expired").[2]

As for circumstantial evidence, Technius's motion concedes that there might be "data ... in some small degree to provide an inference of pre-expiration activities…." DI 85 at 5. But this glancing reference does nothing more than tease the issue of circumstantial evidence, as the

---

[2] For example, Technius produced a deck of source code extracted as of September 7, 2022, which date was three days *after* the expiration of the last to expire of WAG's asserted patents. Technius has not even suggested that this code is irrelevant because of its date, and indeed its witness acknowledged that the code was representative of the relevant period. Ex. 2 (Mikhaelis Dep.), at 42:18-23. While this example of a mere three days may be considered an "edge case" as far as date differences are concerned, the fact that this inference is not controversial points out exactly why inferences across date demarcations are often valid.

motion then argues that Fed. R. Evid. 403 should nevertheless require exclusion of *any and all* such inferences, because of alleged prejudice of allowing an inference to be argued "without proof." *Id.* Technius thereby assumes away the very premise it purports to address (*i.e.*, what is the probative *value* of such evidence?), leaving its assertion of alleged prejudice as unspecified and purely conclusory.[3]

Moreover, there is a huge omission in the motion, in that it does not even attempt to argue irrelevance based on alleged post-expiration software or system *changes*. This is a remarkable retreat from Technius's prior assertions. *See, e.g.*, Technius Reply on Motion for Summary Judgment, DI 79 at 7. Heretofore, Technius's arguments on this point always began (and ended) with such alleged "material" changes. Without that argument (as is the case for the present motion), Technius has no general objection against relevance; it is left only with what we see here: purely conclusory objections. Technius's silence in this regard has forfeited any counterargument based on alleged material changes.[4]

In any case, there is in fact an abundance of circumstantial evidence in the present record tending to show infringement during the pertinent period, including (a) the fact that Technius's servers are *systems* whose operation, now reasonably well documented through discovery, is not dependent on the date; and (b) compliance with standards and use of standard software (*e.g.*, hls.js), whose relevant characteristics and requirements existed throughout and after the period in question. Absent any argument based on substantiated material changes (which Technius failed

---

[3] The apparent opening concession here by Technius, that there may be such circumstantial evidence, should be sufficient reason in itself for the Court to reserve ruling on Technius's objections until specifically presented at trial.

[4] Not that Technius had any such counter, *see* DI 86 at 1-7, in which WAG seeks its own MIL against any attempt to introduce such evidence over Technius's failures to respond in interrogatories, etc.

to make in the present motion and has thereby forfeited), inferences as to prior or later like conduct are reasonable. *See, e.g.*, *Acceleration Bay*, *Lucent*. This MIL must accordingly be denied.

### Response to Technius MIL 3: Wayback Machine Evidence

**Limitation Sought by Technius:** Exclude evidence and testimony related to "The Wayback Machine," also known as the "Internet Archive" at web.archive.org.

The Exhibits subject to Technius MIL 3 are as follows:

| PX 68 | WAG_TECHNIUS_2000844 | Text (view source) for Stripchat 2018-08-30 home page |
|---|---|---|
| PX 69 | WAG_TECHNIUS_2000845 | Text (view source) for Stripchat 2018-12-27 performer page |
| PX 70 | WAG_TECHNIUS_2000846 | Text (view source) for Stripchat 2020-12-29 home page |
| PX 72 | WAG_TECHNIUS_2000880 | Screen views for PX 68 and 69 |
| PX 75 | WAG_TECHNIUS_2000940 | Google Codelabs WebRTC explanation |

These are all documents considered by WAG's expert, Keith Teruya, and cited in his report (*see* Ex. 3 (Teruya Infringement Report) ¶¶ 69, 169 and Documents considered, at 2). Of these, WAG plans to offer PX 68 and 72 (showing high-level screen views of the stripchat.com homepage and a click-through page for an individual performer, as of dates in 2018, and underlying "view page source" text for the home page). WAG will provide the customary authentication declaration for those pages (PX 68 and 72) from webarchive.org. *See Weinhoffer v. Davie Shoring, Inc.*, 23 F.4th 579, 584 (5th Cir. 2022) (although not self-authenticating under Fed. R. Evid. 201, the court noting that "our sister circuits have allowed district courts to rely on archived webpages where someone with personal knowledge of the reliability of the archive service has been authenticated pursuant to Rule 901"). PX 69 and 70 are of the same nature but will not be separately offered.

PX 75 concerns, *inter alia*, support for WebRTC in major browsers as of 2018. It was considered by Mr. Teruya, though WAG does not intend to show PX 75 to the jury or offer it into evidence *per se*.

Technius also argues that these documents are hearsay. As for PX 69, 70, and 75, to the extent that these documents are merely considered by an expert, this is not a valid objection. Fed. R. Evid. Rule 703. As for PX 68 and 72, these documents are submitted simply to show images and text found on Defendant's website as of a specified date, and as such are not "statements" to prove the truth thereof. *See Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1148, 1155 (C.D. Cal. 2002) (*abrogated on other grounds by eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006)). This no more constitutes "hearsay" than a photograph. *See Evans v. Lindley*, 2020 WL 6504449 at *1 (S.D. Tex. 2020) (digital screenshot), *aff'd*, 2021 WL 5751451 (5th Cir. 2021).

Technius also argues alleged unreliability of Wayback Machine captures. DI 85 at 6. However, its CTO's confirmation that the screen captures in question looked like the site (Ex. 4 (Boitsov Dep.), at 51:16-22) should be sufficient for the limited purposes for which this evidence is offered.

## Response to Technius MIL 4: Standards Documents

**Limitation Sought by Technius:** Exclude "white papers" or standards documents.

Technius begins this argument with flat-out false premises: "This is not a case where compliance with a streaming standard has been alleged to be relevant, nor are these documents probative of what Defendant actually does or was doing during the term of the patents." DI 85 at 7-8. Compliance is clearly alleged to be relevant (Ex. 3, ¶¶ 36, 168-69, 195). Moreover,

Defendant's technical personnel confirmed compliance with these standards (Ex. 4, 61:18-63:3; Ex. 2, 35:5-36:1).

Technius completely misunderstands the standards as being about "best practices." DI 85 at 8. This is, again, incorrect. The standards recite functionality including "MUST" do items necessary for compliance. The standards are not "hearsay" (*id.*), as they are not submitted for the truth of what they assert. They are not "opinion testimony not proffered by an expert" (*id.*), as they are indeed proffered by WAG's expert. *E.g.*, Ex. 3 ¶ 36. They do not "apply predominantly to the period after the patents in suit expired" (*id.*), they span the entire relevant period for infringement (2018-2024), and then continue thereafter to present. They are not limited, as Technius suggests, to one citation at ¶ 28 of Mr. Teruya's report (and even there, the referenced "Other Streamers" are Defendant's performers, hooking in per Defendant's instructions). But Mr. Teruya's citations go far beyond this, and are applied throughout Defendant's internal operations, to its origin servers, transcoders, edge servers, and CDN distribution. *See, e.g.*, Ex. 3 ¶¶ 36, 64-65, 168-69, 172-76, 180, 183, 192, 198.[5]

Technius's final assertion, that the standards fail to "teach or even suggest a 'faster than playback' speed of video transfer" (DI 85 at 9), reflects superficial reading and disregard of the facts. *See* Ex. 3 ¶¶ 168 (compliance with standards needed), 183-84; PX 43 (HLS standard, RFC 8216bis-7, April 2020) at 48, § 6.2.1 ("A Media Segment MUST be available for immediate download *at the full speed of the link to the Client* when it is added to a Playlist" (italic emphasis

---

[5] Moreover, its hls.js produced code (PX 96), though based on an open source library, was produced as Technius's own proprietary version thereof. Ex. 4, 109:9-15. Apropos the assertion "[t]hey are not authored by any party in this case" (DI 65 at 8), this code lists Mr. Boitsov as an author. Ex. 4, 102:8-19.

added)). In sum, Technius's flailing arguments against the applicability and relevance of standards are baseless.

**CONCLUSION**

WAG respectfully requests that the Court rule as set forth above on Technius's requested MILs.

Date: June 25, 2026

/s/ *Ronald Abramson*
Ronald Abramson (pro hac vice)
New York Bar No. 1457126
ron.abramson@listonabramson.com
David G. Liston (pro hac vice)
New York Bar No. 2642049
david.liston@listonabramson.com
Ari J. Jaffess (pro hac vice)
New York Bar No. 4621397
ari.jaffess@listonabramson.com
M. Michael Lewis (pro hac vice)
New York Bar No. 4467007
michael.lewis@listonabramson.com
Gina K. Kim
Texas Bar No. 24097937
gina.kim@listonabramson.com
**LISTON ABRAMSON LLP**
The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, NY 10174
212-257-1630

Wasif H. Qureshi
Texas Bar No. 24048155
wqureshi@jw.com
**JACKSON WALKER LLP**
1401 McKinney, Suite 1900
Houston, Texas  77010
Telephone: (713) 752-4521

**COUNSEL FOR WAG ACQUISITION, L.L.C.**

- 8 -

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned certifies that as this motion contains DESIGNATED MATERIAL, it has been filed under seal pursuant to the Protective Order in this case (DI 26).

By: */s/ Ronald Abramson*
Ronald Abramson

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). However, as these documents are being filed under seal, I caused this document and all attachments hereto to be served June 25, 2026, on counsel of record via email.

Date: June 25, 2026

By: */s/ Ronald Abramson*
Ronald Abramson

- 9 -