**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| WAG ACQUISITION, L.L.C., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:24-CV-00714-JRG |
| | § | |
| TECHNIUS LTD. | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

The Court held a Pretrial Conference in the above-captioned case on July 21, 2026 regarding pending pretrial motions, motions in *limine* ("MILs"), and disputed exhibits between Plaintiff WAG Acquisition, L.L.C. ("Plaintiff" or "WAG") and Defendant Technius Ltd. ("Defendant" or "Technius") (collectively, the "Parties") in the above-captioned matter (Dkt. Nos. 65, 66, 67, 85, 86). This Order memorializes the Court's rulings on the pretrial motions, MILs, and disputed exhibits as announced from the bench and read into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the Pretrial Conference, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

1. **Motion by Plaintiff To Strike Portions of Expert Reports of Defendant's Technical Expert Ziaxing Xiong (Dkt. No. 65).**

The motion was **GRANTED IN PART**.

The Court found that Dr. Xiong's reports constituted conclusory, unsupported statements. Dr. Xiong may not offer bare conclusions; his report must provide the facts and data he reviewed; the principles, methods, and analyses he relied on in coming to his conclusions; and how such principles, methods, analyses—when applied to the facts and data—inform his conclusions. *See*

*generally* FED. R. EVID. 702. Although the Court identified particular paragraphs as exemplary of this issue, the failure to include such bases pervades Dr. Xiong's reports. The Court thus **GRANTED** the motion on this basis.

As to Dr. Xiong's opinions asserting "sending initial streaming media elements to the user system" requires "actively sending" such elements, the Court **GRANTED** the motion. Notwithstanding the general issue with Dr. Xiong's report, the attempt to insert "actively" into the claim term is improper claim construction and exceeds the plain and ordinary meaning of the term. Defense counsel represented on the record they will voluntarily remove "actively" from Dr. Xiong's opinions. Of course, Dr. Xiong may present opinions about the plain and ordinary meaning of "sending," but to impose an additional, unrecited requirement is improper.

As to paragraph 43 of Dr. Xiong's report, reciting that "[His] understanding is that Technius did not use LL-HLS before the WAG patents-in-suit expired," the Court **GRANTED** the motion and **STRUCK** that sentence as purely factual recital. *See generally supra*.

As to paragraph 149 of Dr. Xiong's report, the motion was **WITHDRAWN**.

As to the six invalidity references and opinions absent from Defendant's invalidity contentions, the Court **GRANTED** the motion. Specifically, the Court **STRUCK** all such references and opinions with respect to the '622 Patent, the '226 Patent, the '390 Patent, the '221 Patent, and the '230 Patent, and the RFC 2326 real-time streaming references.

As to Dr. Xiong's indefiniteness opinions, the motion was **DENIED AS MOOT** in light of Defendant's representation that it will not raise indefiniteness at trial.

Given the pervasive issues throughout the report, including those specifically described above, the Court **ORDERS** the following

- Defendant must serve amended reports of Dr. Xiong within 14 days of this Order to address all issues identified by this Court (both in this Order and orally at the Pretrial Conference). Such amendments may not introduce new matters and new opinions. If the amended reports go beyond the opinions in Dr. Xiong's original reports or go beyond addressing the issues identified by this Court, the Court will consider striking Dr. Xiong's reports in their entirety.
- Plaintiff shall have 14 days from the date of such service to serve its own expert's amended rebuttal reports, if any. Also, Plaintiff is hereby granted leave to depose Dr. Xiong on his amended reports within this same time frame—14 days from the day of service of Dr. Xiong's amended reports. If Defendant serves its amended reports at different times, Plaintiff's deadline runs from the latest date of service by Defendant.
- If Plaintiff serves rebuttal reports, Defendant shall have 7 days from the date of service of any such report to depose Plaintiff's expert on the same.
- The Parties are **ORDERED** to make their experts available for such depositions within the timeframes described above.
- Neither Party may file *Dauberts* on any amendments ordered herein without prior leave of Court.

**2. Defendant Technius's *Daubert* Motion To Strike Expert Testimony of Keith J. Teruya (Dkt. No. 66).**

The motion was **DENIED**. The Court found that Plaintiff's expert qualifies under FED. R. EVID. 702.

**3. Defendant Technius's Motion for Summary Determination of Non-Infringement and To Strike the HLS Portion of the Supplemental Infringement Contentions (Dkt. No. 67).**

The motion was **DENIED**.

First, the portion of the motion seeking summary judgment was **DENIED**. Defendant represented that the basis for summary judgment does not substantially differ from its basis to strike Plaintiff's expert, which the Court also denied. The Court additionally **DENIED** this portion of the motion because it found questions of material fact precluded summary judgment.

Second, the portion of the motion seeking to strike HLS from Plaintiff's supplemental infringement contentions was **DENIED**.

**4. Parties' Opposed Motions *in Limine* (Dkt. Nos. 85, 86).**

*a. Plaintiff's Motion* in Limine *1: Preclude evidence, testimony, or argument as to any allegedly material software or system changes after September 4, 2022.*

This MIL was **DENIED**.

*b. Plaintiff's Motion* in Limine *2: Preclude opinion testimony by lay witnesses based on technical knowledge or inference as to the operation of source code or streaming media protocols with respect to claim limitations, or the correspondence of prior art to features of the asserted claims.*

This MIL was **DENIED**.

*c. Plaintiff's Motion* in Limine *3: Preclude questions, testimony, or argument to the effect that "WAG didn't invent buffering," where made or asserted in isolation from other elements comprising the claimed combination in a manner suggesting non-infringement by reason of merely practicing the prior art or invalidity by making buffering the sole required claim element.*

This MIL was **DENIED**.

*d. Plaintiff's Motion* in Limine *4: Preclude testimony, questions seeking to elicit testimony, and argument, addressing claim limitations contrary to their construction by the Court.*

This MIL was **DENIED**.

e. *Plaintiff's Motion* in Limine *5: Preclude questions, testimony, and argument as to on-sale bar as a basis for invalidity.*

This MIL was **GRANTED**. If either Party wishes to introduce evidence regarding a dispute of when certain inventor documents were created, the Parties must first approach the bench and seek leave from the Court.

f. *Defendant's Motion* in Limine *1: Exclude references to pornography.*

This MIL was **GRANTED**. The Court also **ORDERED** that "d/b/a stripchat.com" be dropped from the caption in this case. The Parties may not show the jury anything with a caption showing "d/b/a stripchat.com." If Plaintiff wishes to present argument, evidence, or testimony regarding the nature of Defendant's business, it must first seek leave of Court.

g. *Defendant's Motion* in Limine *2: Exclude evidence and testimony gathered after expiration of the patents in suit.*

This MIL was **DENIED**.

h. *Defendant's Motion* in Limine *3: Exclude Wayback Machine evidence.*

This MIL was **DENIED**.

i. *Defendant's Motion* in Limine *4: Exclude "white papers" or standards documents.*

This MIL was **DENIED**.

**5. Parties' Exhibit Disputes**

Plaintiff's exhibits in bucket 1 were **EXCLUDED** but may still be used for impeachment purposes and offered as demonstratives.

Plaintiff's exhibit PTX-15 in bucket 5 was **PRE-ADMITTD**.

Plaintiff's exhibits in bucket 7 were **EXCLUDED** but may still be used as a demonstrative for its expert's testimony.

Plaintiff's exhibits in bucket 8 were **EXCLUDED** but may still be used as a demonstrative.

All other exhibits not withdrawn by the Parties, pursuant to their agreement, are hereby **PRE-ADMITTED**.

**So ORDERED and SIGNED this 29th day of September, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE